We have considered and rejected defendant's argument for additional relief. Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and DeGrasse, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MCQUEARY, Appellant. [953 NYS2d 179]—

Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and De-Grasse, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMA ROSS, Appellant. [952 NYS2d 35]—

Defendant did not preserve his claim that a detective gave improper opinion testimony regarding defendant's guilt. After defense counsel made general objections, the court gave the jury a thorough instruction concerning the limited purpose for which this testimony was received. Accordingly, the limiting instruction "must be deemed to have corrected the [alleged] error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Medina*, 53 NY2d 951, 953 [1981]).

We decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. One of the material issues at trial was whether defendant's confession was the product of unduly prolonged interrogation. Since the detective's credibility was at issue with respect to the events leading to defendant's statement, it was permissible under the circumstances presented for the jury to hear the detective's explanation for persisting in his interrogation after defendant denied his involvement. The testimony was not offered to convey the detective's opinion of defendant's guilt, but only to explain the detective's own state of mind and how it affected his actions